1

2

3

4

5

6

7

8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  VICTORIA MARTINEZ,                    )     Case No.: C 09-03471 PVT
                                          )
14                 Plaintiff,             )     **ORDER DENYING MOTION TO**
                                          )     **DISMISS**
15        v.                              )
                                          )     **[Docket No. 13]**
16  MICHAEL J. ASTRUE, COMMISSIONER )
    OF SOCIAL SECURITY,                   )
17                                        )
                   Defendant.             )
18  _____ )

19
        Defendant Michael J. Astrue, Commissioner of Social Security, moves to dismiss pursuant to
20
    Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  Plaintiff Victoria Martinez opposes the motion.  Pursuant
21
    to Civ. L.R. 7-1(b), the motion is taken under submission.  Having reviewed the papers and
22
    considered the arguments of counsel,
23
        IT IS HEREBY ORDERED that defendant Astrue's motion to dismiss is denied.[1]
24
        Defendant Astrue moves to dismiss on the grounds that the complaint is time-barred.
25
        Under the Social Security Act, 42 U.S.C. §405(g), a claimant may request judicial review of
26
    a final decision issued by the Commissioner of Social Security within a 60-day limitations period.
27

28
        [1]    The holding of this court is limited to the facts and particular circumstances underlying
    the present motion.

                              ORDER, *page 1*

1   *See Bowen v. City of New York, et al.*, 476 U.S. 467, 472, 106 S.Ct. 2022 (1986).  The

2   Commissioner's regulations provide:

3       (c) Time for instituting civil action.  Any civil action described in paragraph (a) of
        this section must be instituted within 60 days after the Appeals Council's notice of
4       denial of request for review of the presiding officer's decision or notice of the
        decision by the Appeals Council is received by the individual, institution, or agency,
5       except that this time may be extended by the Appeals Council upon a showing of
        good cause.  For purposes of this section, the date of receipt of notice of denial of
6       request for review of the administrative law judge's decision or notice of the decision
        by the Appeals Council shall be presumed to be 5 days after the date of such notice,
7       unless there is a reasonable showing to the contrary.

8   Section 422.210 of the Social Security Administration regulations No. 22, Part 422, Subpart C (20

9   CFR 422.210).

10          Defendant Astrue argues that the Appeals Council finalized the Commissioner's decision on

11  May 16, 2009.  *See* Declaration of Joan Devera, ¶3(a).  ("Devera Decl.").  And "plaintiff

12  presumptively received notice of the Appeals Council's action no later than May 21, 2009."

13  Amended Mot. at 3.  Plaintiff filed her complaint on July 28, 2009, which was "seven days after the

14  presumed expiration of the 60-day limitations period."  *Id.*  Moreover, she has failed to establish any

15  grounds for equitable tolling of the 60-day limitations period. Amended Mot. at 3-4.  Therefore,

16  plaintiff's complaint is time-barred and the should be dismissed.

17          Plaintiff Martinez agrees that she had 65 days from the date of the notice from the Appeals

18  Council denying her request for review of the Commissioner's decision to file her complaint.  Opp.

19  at 1.  She also agrees that the notice was dated May 16, 2009, and any civil action was to have been

20  instituted by her no later than July 20, 2009.  However, plaintiff Martinez contends that her

21  counsel's legal assistant, Lois Babcock, mailed the complaint and IFP by certified, return receipt,

22  priority mail on July 17, 2009.  *See* Declaration of Lois Babcock, ¶ 3.  ("Babcock Decl.").  The post

23  office assured Ms. Babcock that the mail would be delivered by July 20, 2009.  Babcock, Decl., ¶ 4.

24  On July 26, 2008, Ms. Babcock learned that the mail had not been filed or received.  Babcock Decl.,

25  ¶ 6.  On July 28, 2009, plaintiff's counsel and Ms. Babcock learned that the mail had been delivered

26  on July 28, 2009, or 11 days after Ms. Babcock had mailed the package to the Clerk's Office in San

27  Jose.  Babcock Decl., ¶ 8.  The post office informed Ms. Babcock that the mail had likely been

28  misplaced, later found, and then delivered.  Babcock Decl., ¶ 9.

ORDER, *page 2*

1   In *Bowen v. City of New York, et al., supra,* 476 U.S. at 480, the U.S. Supreme Court

2 "conclud[ed] that application of a 'traditional equitable tolling principle' to the 60-day requirement

3 of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'no-where eschewed

4 by Congress.'"

5   Here, plaintiff Martinez has shown good cause for the 60-day limitation period to be

6 equitably tolled.  Ms. Babcock mailed the IFP and complaint on July 17, 2009 and understood that it

7 would be received no later than July 20, 2009.  The post office inexplicably misplaced, later found

8 and then delivered the IFP and complaint to the Clerk's Office on July 28, 2009.  Accordingly,

9 defendant Astrue's motion to dismiss is denied.

10

   IT IS SO ORDERED.

11

Dated:   November 2, 2010

12

13            PATRICIA V. TRUMBULL
             United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28